JUANA FRANCISCA SEPÚLVEDA Y ROMÁN, Petitioner, *v.* DISTRICT COURT OF PONCE, Respondent.

No. 680. Argued December 23, 1929.—Decided January 16, 1930.

*Cristino R. Colón,* for petitioner.. *Agustín E. Font* and *F. Parra Capó,* for the respondent and the intervener in the main action, respectively.

MR. JUSTICE TEXIDOR delivered the opinion of the court.

The action herein was brought by Juana Francisca Sepúlveda against Rufino Guillioty Pagán seeking the annulment of a deed of sale. The record contains a motion signed by counsel on both sides whereby a compromise was reached declaring valid and effective the deed in question and the defendant bound himself to make certain payments. The District Court of Ponce, before which the action was pending, approved the compromise and rendered judgment accordingly,

which judgment was notified. The plaintiff changed her attorney and then filed a motion to set aside that judgment. Attorney Parra Capó, who had represented the plaintiff in the former proceedings, and had filed a verified answer to the motion setting forth his version of the compromise and the manner in which it was reached, participated in the hearing of the motion. Oral and documentary evidence was introduced, and thereupon Judge Acosta Quintero rendered a decision, in which it was declared that the judgment sought to be set aside was final and conclusive; that no appeal had been taken therefrom; and that the compromise on which it was based is valid and fully binding. He denied the motion. It appears from the record that on November 5, 1929, Juana Francisca Sepúlveda appealed from that decision to this court and thereafter applied for a transcript of the evidence. On November 6, 1929, the same appellant instituted the certiorari proceedings herein.

At the threshold we have, therefore, before us the fact that the same decision is sought to be reviewed by two separate remedies: that of appeal, and that of certiorari. The respondent and the intervener have called our attention to this point.

We think it advisable to note here the manifest abuse being made of the extraordinary remedies for review. It frequently happens that the ordinary remedies are passed up in order to take advantage of the extraordinary ones, without taking into account that the latter require extraordinary circumstances to justify their use.

In certiorari proceedings the questions of jurisdiction and procedure are the decisive factors. Where the party has available an adequate remedy in the ordinary course of law and no showing is made that such remedy is so slow that, without recourse to another remedy, the ends of justice would be defeated, judicial discretion is properly exercised in the direction of discouraging, rather than encouraging, the use of extraordinary remedies.

It has heretofore been said by this court:

"It cannot have been the intention of the legislature to give the writ of certiorari so wide a scope that, by its means, errors of law or of fact committed in a proceeding had in an inferior court could be amended by a superior court, when this end can be attained by means of an ordinary appeal; for, were the contrary doctrine to be accepted, appeals would be superfluous in cases where they are authorized by law." *Nogueras* v. *Municipal Court of Cayey,* 7 P.R.R. 562, 563.

It is true that the above doctrine is not so strict as to preclude recourse to the remedy of certiorari whenever the remedy of appeal is available. But in all cases decided by this court, where it has been conceded that use can be made of the remedy by certiorari even though an appeal is available, the special circumstances justifying such use have clearly appeared. In one of those cases it was said:

". . . . It is well settled that the writ of certiorari will issue in cases where the ordinary methods by appeal or writ of error prove to be inadequate, as a remedy, either as relates to promptness or completeness, so that a partial or total failure of justice may ensue." *Méndez* v. *Soto Nussa,* 13 P.R.R. 366, 369.

In another case it was stated:

"We have held repeatedly that the extraordinary remedy by certiorari does not lie when the law affords the ordinary remedy of appeal, unless the ends of justice can not be met adequately, speedily and efficiently by an ordinary appeal and these circumstances have not been shown to exist in the instant case . . ." *Guevara* v. *District Court,* 37 P.R.R. 888, 889.

And in still another the court said:

"The appeal alleged in the petition to have been taken from the preliminary order for an injunction would seem to be an obstacle to the consideration of the petition in certiorari. Yet, the general rule that when the ordinary remedy by appeal is available a writ of certiorari does not lie, is not so absolute. In the case of Núñez v. Soto Nussa, supra, that question was thoroughly discussed and it was held that in that particular case the appeal was not a bar to certiorari

proceedings. In that case the rule laid down by the Supreme Court of Missouri was cited as follows:

" 'A remedy by appeal or writ of error is not sufficient to bar a certiorari, unless it is adequate to meet the necessities of the case; that is to say, equally beneficial, speedy and sufficient; not merely a remedy which at some time in the future will bring about a reversal of the judgment complained of, but a remedy which will promptly relieve the petitioner from the injurious effect of that judgment and the acts of the inferior court or tribunal.'

"This case comes under the said rule, because the court below having acted in excess of its jurisdiction in granting the preliminary injunction and the petitioner being threatened with contempt proceedings, an appeal woud be a tardy remedy which would not be as adequate, speedy and effective as certiorari to relieve the petitioner, in furtherance of justice, from the acts of the lower court." *San Juan Racing & Sporting Club et al.* v. *Foote, District Judge,* 31 P.R.R. 154, 163.

In *Borinquen Sugar Co.* v. *López, Judge,* 17 P.R.R. 984, 985, it was said:

"We do not mean to decide especially any of the questions here indicated, because we think that every question raised by the petitioner can be reviewed by us on appeal. The record that has been sent to us shows that such an appeal has been taken. A certiorari may sometimes be granted although the petitioner might also have a right of appeal. Here, however, the defendant is admittedly in possession of the property. The effect of an appeal is conceded to be a suspension of the proceedings. The petitioner shows us nothing which would lead us to believe that the appeal is not the ordinary, rapid and adequate remedy for the revision of the alleged error."

The doctrine laid down in the case last above cited is peculiarly applicable to the case at bar.

In short, the tendency of this court is to preserve the effectiveness of the ordinary remedy by appeal; but where it is shown that the ordinary remedy for review would be slow and inadequate, and the interests of justice are thereby imperiled, then the court will authorize the extraordinary remedy of certiorari in order to protect such interests."

In *Hamburger Brothers & Co.* v. *District Court,* 38 P.R.R. 352, 355, we declared:

"It is to be stated once more that the mere fact that the order is not appealable does not determine the right to the writ of certiorari, for the party who asks for it must show a breach of the rules that determine the jurisdiction or the proceeding, and present a case requiring the exercise of the sound discretion of the court petitioned."

In the case at bar we find:

1. That the decision sought to be reviewed in the proceedings herein has been appealed and its effect suspended.

2. That no excess of jurisdiction or error of procedure has been committed in the rendering of such decision.

3. That in reality it is sought to have us review, directly or indirectly, by certiorari the finding of the court below on the facts and the evidence relating to the motion to set aside the judgment by consent.

Under these circumstances, the petition must be denied and the writ discharged.